Curia, per

Richardson, J.
A judgment had been confessed in 1835, by the defendant, before the clerk of the court, in the form prescribed by the Act of 1821.
The judgment has been set aside, at the instance of a junior judgment creditor of Wm. Bowie, upon affidavits, affirming that the defendant was not a resident of the district where the judgment was confessed, at the time of the confession, nor at any other time.
The motion is to reverse that decision. And the case depends upon the construction of the Act.
The enactment is as follows : “ That from and after, etc. it shall be lawful for any debtor, in the presence of, and with the consent of, his creditor, or his or her agent, to go before the clerk of the Court of Sessions and Common Pleas, of any district in this State, in which such debtor usually resides, and confess a judgment on any bond, note, or book account, under the conditions and regulations hereinafter prescribed. That it shall be the duty of the said clerk, on the application of any debtor and creditor to confess any judgment, on the production of the evidence of the debt, and the creditor’s swearing that such debt is fairly and bona fiie due, and that such confession is not for the purpose of defrauding the just creditors of the said debtor, to transcribe in a book to be kept by him for that purpose, the note, bond, or account, and file the original; in which book he shall cause to be written under the copy of such note, bond, or account, a confession to the following effect, to wit.”
The following is the formula adopted : “ I, A B, do hereby confess, that I am fully indebted to C D the sum of-- dollars, being the amount of the bond, note, or account above transcribed, and interest thereon, (if any.) Given under my hand, the-day of-, in the year of our Lord one thousand eight hundred and-. (Signed,) A. B. In the presence of-.”
“ Which confession, from the date thereof, shall create a lien upon the lands and tenements of such debtor; and as against subsequent purcha *226 jsers and judgment creditors, shall bear date from the day of signing a$ aforesaid.”
The object of the Act is, plainly, to introduce a new and brief formula, by which’ any debtor may make a confession of the debt he owes, without .the agency of a professional lawyer; which judgment, when confessed in that form, shall have the same effect as other judgments.
The clerk, who takes and enters up the judgment, is the executive organ of the court, in this, as well as in all other judgments. The attorney at law is dispensed .with; and the costs are diminished. But the judgment entered, is by virtue of the jurisdiction of the court, of which the clerk is the organ.
The argument, that virtually the Act preates a new jurisdiction in the clerk, independent of the court, is not supported by the Act. The new duty given to the clerk, is, that he shall draw up the formula laid down, instead of an attorney. The Act gives him no judicial authority, and ousts .the co.urt of nope.
If affirmative arguments were required to prove this, it is found in the next clause of the Act, which directs that such judgments shall be published by the Court of Common Pleas ; and points out the manner of proceeding to set aside such judgments in the court and by the jury, if there be any fraud alleged.
It is further argued, that the Act requires that the debtor must have been a resident of the district where the judgment was confessed.
But this is evidently the privilege of the debtor, which he may yield up at pleasure. It is like the privilege of every man, to be sued only where his person is found. But this he may, and frequently does, yield up. After Wm. Bowie had declared himself a resident of Charleston district, for the purpose of confessing the debt, he cannot aver its untruth ; he had dispensed with his privilege, and to set aside the confession would be a fraud upon the creditor.
The decisions in England, under Statutes Merchant and Statutes Staple, must illustrate this part of the argument satisfactorily.
Our Act is indeed a practical extension of the principle of those Acts to all debtors, instead of confining the facility of confession and judgment to one class or place. And the author may have derived the notion from these statutes.
Be this as it may, he has introduced an effectual manner of entering up judgments by confession, in the Court of Common Pleas. And the motion to set aside the rule, which was made absolute, is granted,
P’Nsall, Evans, and Butler, JJ. concurred.
Memminger, for motibn. Petigru, contra.'